■ JOSEPH C. FEOLA, Respondent, and CLARA FEOLA, Appellant, v. SPECTOR FREIGHT SYSTEM, INC., Appellant-Respondent.— In a negligence action, to recover damages for personal injuries of plaintiff Joseph C. Feola and for loss of consortium by his wife, plaintiff Clara Feola, the cross appeals are from an order of the Supreme Court, Kings County, dated October 15, 1969, as follows: defendant appeals, as limited by his brief, from so much of the order as, on plaintiffs' motion for summary judgment, granted such relief to Joseph C. Feola; and plaintiff Clara Feola appeals from so much of the order as denied her such relief. Order modified, on the law, by (1) striking from the first decretal paragraph thereof the word "granted" and substituting therefor the word "denied" and (2) striking out the second, third and fifth decretal paragraphs thereof. As so modified, order affirmed, without costs. In our opinion, questions of fact are presented which should be resolved after trial in the plaintiff husband's cause of action for personal injuries (see *Raolaslovic* v. *New York Cent. R. R. Co.*, 245 N. Y. 91; *Nieves* v. *Manhattan & Bronx Surface Tr. Operating Auth.*, 31 A D 2d 359, 360–361), as well as in the plaintiff wife's derivative cause of action for loss of consortium (see *Millington* v. *Southeastern Elevator Co.*, 22 N Y 2d 498; *Terranova* v. *Emil*, 20 N Y 2d 493; *De France* v. *Oestrike*, 8 A D 2d 735). Christ, P. J., Hopkins, Brennan and Benjamin, JJ., concur. (Beldock, P. J., deceased.)

■ GONDOLIERS, INC., Respondent, v. STATE LIQUOR AUTHORITY, Appellant. — In a proceeding pursuant to article 78 of the CPLR to review appellant's determination which disapproved respondent's applications for a number of caterer's liquor permits, the appeal is from a judgment of the Supreme Court, Kings County, entered January 19, 1970, which directed appellant to issue a caterer's permit to petitioner upon one of the applications. (The proceeding was withdrawn as to all the other applications.) Judgment reversed, on the law, without costs, and petition dismissed as to the application upon which the judgment directed issuance of a permit, on the merits and without costs. In our opinion, appellant's action was not arbitrary or capricious and there was a reasonable basis in law and on the evidence to sustain appellant's action. (cf. *Matter of Gambino* v. *State Liq. Auth.*, 4 A D 2d 37, affd. 4 N Y 2d 997). Christ, P. J., Hopkins, Kleinfeld, Brennan and Benjamin, JJ., concur.